T.C. Memo. 1999-363

UNITED STATES TAX COURT

DOUGLAS MICHAEL RILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3896-98.                    Filed November 1, 1999.

Douglas M. Riley, pro se.

<u>John Q. Walsh</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income tax, additions to tax, and penalties
as follows:

| | | Additions to Tax | | Penalty |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6651(a)(2) | 6662(a) |
| 1992 | $10,407 | $1,961 | $1,961 | $2,081 |
| 1993 | 12,378 | 2,284 | 1,675 | 2,476 |
| 1994 | 1,054 | 100 | 88 | 9 |
| 1995 | 1,496 | 337 | 67 | 299 |

In his answer, respondent asserted a claim for increased additions to tax under section 6651(a)(1)[1] of $218, $253, $109, and $37 for 1992, 1993, 1994, and 1995, respectively.

After concessions,[2] we must decide the following issues:

(1) Whether petitioner is entitled to casualty loss deductions during the years 1992 through 1995 for the loss of a "nonviable fetus". We hold he is not.

(2) Whether petitioner is liable for additions to tax under section 6651(a)(1). We hold he is.

(3) Whether petitioner is liable for accuracy-related penalties under section 6662(a). We hold he is.

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties have stipulated that petitioner received unreported unemployment compensation during 1994 of $6,110. In addition, respondent has conceded that petitioner is not liable for additions to tax under sec. 6651(a)(2) for failure to pay for any of the years in issue. Finally, respondent concedes that petitioner is entitled to mortgage interest deductions for the years 1992 through 1995 of $4,158, $5,644, $4,437, and $4,384, respectively, to the extent those deductions exceed the standard deductions for the years in issue.

(4) Whether petitioner is liable for a penalty under section 6673 for maintaining a frivolous or groundless position in these proceedings. We hold he is.

### FINDINGS OF FACT[3]

At the time of filing the petition, petitioner resided in Schaumburg, Illinois. On December 16, 1996, petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the years 1992 through 1995. Before that date, petitioner had not filed any tax returns for those years. For the years 1992 through 1995, petitioner's tax returns reported adjusted gross income of $53,029, $60,406, $7,154, and $16,399, respectively. In addition, petitioner received unemployment compensation in 1994 of $6,110 that was not reported on his return for that year.

Each of petitioner's tax returns for the years in issue included a Schedule A, Itemized Deductions, and a Form 4684, Casualties and Thefts. On each Form 4684, petitioner claimed a casualty loss for a "nonviable fetus". For the years 1992 through 1995, petitioner claimed casualty loss deductions of $50,729, $58,056, $4,704, and $13,899, respectively. Petitioner claimed that the casualty loss occurred in either 1974 or 1975.[4]

---

[3] Some of the facts have been stipulated, and we incorporate by this reference the parties' stipulation of facts and the attached exhibits.

[4] The returns for 1992 and 1993 state the casualty occurred in June 1974. The returns for 1994 and 1995 state the casualty occurred in June 1975. At trial, petitioner testified that the

OPINION

## 1. Casualty Loss Deductions

Petitioner asserts that as a result of his then-wife's decision to terminate her pregnancy in 1974 or 1975, petitioner suffered a "theft/casualty" loss of a "nonviable fetus". In response to this loss, petitioner claims entitlement to casualty loss deductions for each of the years 1992 through 1995 of $50,729, $58,056, $4,704, and $13,899, respectively. These losses roughly correspond to the amount of gross income reported for each year.

Section 165(a) allows a deduction for losses sustained during the taxable year which are not compensated for by insurance or otherwise. Under section 165(c), however, an individual may deduct a loss not connected with a trade or business or with a transaction entered into for profit if the loss arose from "fire, storm, shipwreck, or other casualty, or from theft." Sec. 165(c)(3). Casualty losses under section 165 must be deducted for the taxable year in which the loss was sustained. See sec. 1.165-7(a)(1), Income Tax Regs. Losses due to theft may be deducted during the taxable year in which the taxpayer discovered the loss. See sec. 165(e).

------

casualty loss resulted when his then wife elected to terminate her pregnancy in August 1974.

There is no authority for treating a nonviable fetus as "property" for purposes of section 165(c)(3)--a proposition in support of which petitioner has advanced no argument. Petitioner's claim is frivolous for two additional reasons. First, a casualty loss deduction may be taken only for the taxable year in which the loss was sustained, and a theft loss deduction may be taken only for the taxable year in which the taxpayer discovers the theft. See sec. 1.165-7(a)(1), Income Tax Regs.; sec. 165(e). As petitioner's former wife terminated her pregnancy in the mid-1970's, and as petitioner has presented no evidence suggesting that he did not discover his wife's actions until nearly 20 years later, petitioner's deductions for the years 1992 through 1995 are untimely. Second, petitioner has not sought to prove or otherwise justify the amounts deducted, which roughly correspond with his gross income for each of the years in issue. As petitioner bears the burden of proof with respect to these amounts, petitioner's claim must fail. See Rule 142(a). Accordingly, we sustain respondent's disallowance of the casualty/theft losses claimed by petitioner.

## 2. Liability for Additions to Tax Under Section 6651(a)(1)

Additions to tax under section 6651(a)(1) apply in the case of failure to file timely tax returns, unless the failure is due to reasonable cause. An addition equals 5 percent of the amount required to be shown as tax on the return for each month or

fraction thereof during which the failure to file continues, up to a maximum of 25 percent.  See sec. 6651(a)(1).

The parties have stipulated that respondent received the returns for each of the years in issue on December 16, 1996. This was more than 5 months after the due dates, including any extensions available to petitioner pursuant to section 6081(a), for the returns for taxable years 1992, 1993, and 1994.  With respect to the 1995 taxable year, respondent has no record indicating that petitioner was granted an extension of time to file for that year, and petitioner has offered no evidence with respect to any extension.  Accordingly, we conclude that the 1995 return was filed more than 5 months after its due date. Petitioner has offered no evidence of reasonable cause. Therefore, petitioner is liable for section 6651(a)(1) additions to tax equal to 25 percent of the amount of the tax required to be shown on the return for each of the years in issue.

3.  Accuracy-Related Penalties Under Section 6662

Petitioner bears the burden of proving that the determinations pursuant to section 6662(a) are erroneous.  See Rule 142(a).  Petitioner has introduced no evidence relating to these determinations.  Therefore, he is liable for accuracy-related penalties under section 6662(a).

## 4.  Liability for Penalty Under Section 6673

Section 6673 authorizes this Court to award a penalty to the United States not in excess of $25,000 whenever it appears to the Court that proceedings have been instituted or maintained by the taxpayer primarily for delay, the taxpayer's position in such proceedings is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. Previously, on its own motion, this Court has awarded damages to the United States where the taxpayer advanced frivolous and groundless contentions.  See Abrams v. Commissioner, 82 T.C. 403 (1984).  In the instant case, petitioner claimed utterly groundless casualty losses, arising from his former wife's decision to terminate a pregnancy almost 20 years earlier, in amounts obviously calculated to offset the taxable income he reported.  Notwithstanding the Court's warning that such claims appeared frivolous, petitioner proceeded to trial.  Petitioner has wasted the time and resources of this Court and respondent. We will accordingly exercise our discretion under section 6673 to require petitioner to pay a penalty to the United States of $1,000.

To reflect the foregoing,

Decision will be entered

under Rule 155.